# EXHIBIT A



THE COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

MIDDLESEX, SS

SUPERIOR COURT

************************************************

JOHN DOE                                    $12-4085$

Plaintiff

V.                                          Civil Action No.:

NEW ENGLAND COMPOUNDING
PHARMACY, INC., D/B/A NEW ENGLAND
COMPOUNDING CENTER
and
GREG CONIGLIARO
BARRY CADDEN
and
LISA CADDEN
                              Defendants

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX
OCT 15 2012

2561A000010/15/12CIVIL          240.00
CLE 2561A000010/15/12SURCHARGE   15.00
2561A000010/15/12SECC            20.00
2561A000010/15/12COPIES          27.50
2561A000010/15/12SUMMONS         20.00

************************************************

## COMPLAINT
## AND REQUEST FOR PRE-JUDGMENT ATTACHMENT WITH NOTICE

NOW COMES the Plaintiff, John Doe, by and through counsel, McGrath Law Firm, PA,

and hereby files this Complaint.

In support thereof, we provide as follows:

1.    Plaintiff John Doe is a resident of New Hampshire and is 45 years old.

2.    Defendant NEW ENGLAND COMPOUNDING PHARMACY, INC. D/B/A

NEW ENGLAND COMPOUNDING CENTER is a corporation located at 697 Waverly Street,

Framingham, MA 01712, and is duly organized in accordance with the laws of the

Commonwealth of Massachusetts, (hereinafter also referred to as the "NECC").

3.    Defendant GREG CONIGLIARO is a Director, the Secretary Treasurer, the Vice

1

President and a principal shareholder of NECC, is duly listed as the registered Agent for NECC at 697 Waverly St., Framingham, Massachusetts, and is a resident of Massachusetts.

4.      Defendant BARRY CADDEN is the President, a Director and a principal shareholder of NECC, and currently resides in Wrentham, Massachusetts.

5.      Defendant LISA CADDEN is a Director and Pharmacist of NECC and currently resides in Wrentham, Massachusetts.

## GENERAL ALLEGATIONS

6.      In 2012, and at other times, Plaintiff was a patient at a Pain Center in New Hampshire (hereinafter "Pain Center") where he was administered a number of steroid injections due to severe back and joint pain. The steroid is known as a preservative-free methylprednisolone acetate created by NECC ("steroid").

7.      In or about October 2012, Plaintiff received a phone call from the Center for Disease Control and Prevention ("CDC") informing him that he and others were injected with a contaminated steroid medication manufactured and distributed by NECC. The Plaintiff was further informed that CDC requested that he return for testing, which he did. The Plaintiff was subsequently informed that he was infected and tested positive for a meningitis causing fungus ("Meningitis") as a result of the contaminated steroid medication.

8.      Plaintiff has been informed that the medical treatment professionals would like him to begin a regimen of complicated, painful and expensive pharmaceutical treatment, including, but not limited to, high dose antifungal medications which will usually be administered intravenously in a hospital.

9.      Plaintiff has been experiencing flu-like symptoms, headaches, body aches and fatigue, and, since the phone call from CDC, he has suffered many bouts of sleeplessness, high

2

stress, and pain and suffering.

10.    The Meningitis infection is a life threatening disease that causes inflammation of
the lining of the brain and spinal cord, and because the Plaintiff received the contaminated
steroid from an injection, and the injection would put any contaminant in more direct contact
with that lining. Among other things, Meningitis may cause severe headaches, nausea,
dizziness, fever, heart attack and death.

11.    NECC, its Directors, Officers, and Pharmacists were and are required to provide
proper maintenance, oversight, security and control of its laboratory, manufacturing facility,
distribution facility and other units. NECC must maintain strict procedures to protect patients
from infections and avoid infection through contaminated steroid medication. Upon information
and belief, the security procedures, quality control, testing and inspection requirements, and
required oversight did not take place.

12.    Upon information and belief, the contaminated steroid medication was
manufactured by, distributed by, and otherwise caused by the Defendants, and should have and
could have been prevented by NECC, its Directors, Officers, supervisors, managers, employees
and/or agents.

13.    NECC was, upon information and belief, licensed only to fill individual patients'
prescriptions, and according to officials, and NECC appears to have been operating beyond its
legal boundaries by shipping products to the Pain Center that injected the Plaintiff and by
shipping such products for broad use around the country.

## COUNT I

## NEGLIGENCE

14.    The Plaintiff restates and reincorporates herein by reference each and every

3

allegation stated in paragraphs 1-13 above.

15.    The Defendants were negligent in its manufacture and distribution of the contaminated steroid medication which was administered to the Plaintiff. The Defendants failed to exercise due care in accordance with the standard of care and skill required of, and ordinarily exercised by, the average qualified manufacturer of steroid medication, distributor of steroid medication, pharmacist, healthcare professional, and licensee of the Commonwealth of Massachusetts. The Defendants, their supervisors and their staff and/or agents engaged in compounding, creating, manufacturing, storing and distributing the medicine in a negligent fashion.

16.    The Defendants' negligence includes, but was not limited to, failing to maintain and properly manufacture, distribute, and produce safe steroid medication, oversee the security and quality control of its laboratory, manufacturing and distribution facilities and other units, resulting in a Meningitis breakout that infected the Plaintiff and other patients.

17.    As a direct and proximate result of the negligence of the Defendants, the Plaintiff has suffered injuries and damages including but not limited to a Meningitis infection, pain and suffering, financial loss, medical expenses, emotional distress, reduced life expectancy and possible death. Such damages render him no longer able to engage in his chosen profession, daily activities and enjoyment of life.

18.    The Plaintiff demands judgment against the Defendants on Count I of the within Complaint, in the amount that will justly compensate him for his damages and future losses, together with interest, costs and his attorneys' fees incurred in this action, all within the jurisdictional limits of this Court.

4

## COUNT II

### NEGLIGENCE/INFORMED CONSENT

19.    The Plaintiff restates and reincorporates herein by reference each and every
allegation stated in paragraphs 1-18 above.

20.    The Defendants had a duty to disclose in a reasonable manner all significant
medical information that it possessed or reasonably should have possessed that is material to an
intelligent decision by the patient whether to receive administration of the contaminated steroid
medication.

21.    If the Defendants had provided the proper and adequate information, neither the
Plaintiff nor a reasonable person in similar circumstances would have undergone the procedure
and have been administered the contaminated steroid medication.

22.    The Defendants failed to explain to the Plaintiff any risk of the Meningitis
infection.

23.    The Defendants failed to act and/or omitted to act to prevent Plaintiff's suffered
injury which would not have ordinarily occurred. An ordinary prudent professional within the
healthcare and pharmaceutical industry would have taken the proper precautions to prevent,
oversee, and make sure that the Plaintiff and other patients were not given contaminated steroid
medicine. The subsequent Meningitis infection was directly caused by the Defendants' agents,
supervisors, servants, and employees.

24.    The Plaintiff demands judgment against the Defendants on Count II of the within
Complaint, in the amount that will justly compensate him for his damages and future losses,
together with interest, costs and his attorneys' fees incurred in this action, all within the
jurisdictional limits of this Court.

5

## COUNT III

## NEGLIGENT SUPERVISION

25.     The Plaintiff restates and reincorporates herein by reference each and every
allegation stated in paragraphs 1-24 above.

26.     The Defendants had an obligation and duty to investigate and hire professional
and competent employees to manufacture, create and distribute the steroid medication, and to
make sure they do not create any harm or risk to the Plaintiff or other patients receiving the
medication.

27.     The Defendants failed to exercise due care and failed to supervise their
employee(s) or agent(s).

28.     Upon information and belief, as a result of the failure to supervise, the Defendants
permitted the steroid to become contaminated and distributed to patients like the Plaintiff.

29.     The Defendants failed to take reasonable protective measures to safeguard the
Plaintiff and other patients. As a risk of this failure to exercise reasonable care, the Defendants
permitted a threatened harm to the Plaintiff.

30.     The Defendants failed to monitor and test the manufacture of the steroid
medication and were otherwise negligent in supervision of their employees.

31.     The Defendants knew, or should have known, that the employee or agent did not
follow proper procedure and knew of the risk created by failing to do so.

32.     The Defendants were negligent in hiring, training, and supervising their
employees. As a direct and proximate result of the negligent supervision by the Defendants, the
Plaintiff has been damaged within the jurisdictional of this Court. The Plaintiff demands

6

judgment against the Defendants on Count III of the within Complaint, in the amount that will justly compensate him for his damages and future losses, together with interest, costs and his attorneys' fees incurred in this action.

## COUNT IV

## BREACH OF CONTRACT

33. The Plaintiff restates and reincorporates herein by reference each and every allegation stated in paragraphs 1-32 above.

34. The Plaintiff is a third party beneficiary and patient that purchased the steroid medication. The Plaintiff was a customer and patient of the Pain Center and the Pain Center has direct privity with NECC. As such, the Plaintiff is entitled to performance of the contract and to expect NECC to provide safe, uncontaminated steroid medication. NECC breached the contract and failed to perform properly by manufacturing and distributing a contaminated steroid product.

35. NECC breached its contract with the Pain Center and thus damaged the Plaintiff by providing unsafe, contaminated steroid medication.

36. The Plaintiff did not receive the safe, uncontaminated steroid medication that he paid for.

37. As a result of this breach, the Plaintiff has been infected with Meningitis, and will require future treatment and medication to treat the infection. The Plaintiff demands judgment against NECC on Count IV of the within Complaint, in the amount that will justly compensate him for his damages and future losses, together with interest, costs and his attorneys' fees incurred in this action, all within the jurisdictional limits of this Court.

7

## COUNT V

### NEGLIGENT MISREPRESENTATION

38.   The Plaintiff restates and reincorporates herein by reference each and every allegation stated in paragraphs 1-37 above.

39.   That Plaintiff relied on material statements of fact concerning the safe use of the steroid medication manufactured and distributed by NECC which was within NECC's own knowledge.

40.   NECC provided express and/or implied representations that the steroid medication was safe to use.

41.   This representation was made for the purpose of inducing the Plaintiff to purchase the steroid medication to alleviate his pain.

42.   This representation was material to the transaction.

43.   This representation was not true.

44.   As a result, the Plaintiff suffered damages.

45.   The Plaintiff justifiably relied on the misrepresentation.

46.   The Plaintiff demands judgment against NECC on Count V of the within Complaint, in the amount that will justly compensate him for his damages and future losses, together with interest, costs and his attorneys' fees incurred in this action, all within the jurisdictional limits of this Court.

8

### COUNT VI

## INDIVIDUAL LIABILITY OF NECC DIRECTORS, OFFICERS AND/OR SHAREHOLDERS GREG CONIGLIARO, BARRY CADDEN & LISA CADDEN FOR THE WRONGFUL ACTS OF NECC

47.     The Plaintiff restates and reincorporates herein by reference each and every allegation stated in paragraphs 1-46 above.

48.     The individual Defendants Greg Conigliaro, Barry Cadden and Lisa Cadden were the Directors, Officers and principal Shareholders of NECC that engaged in the manufacturing, compounding and distribution of the contaminated steroid medication.

49.     The individual Defendants, as holders of the controlling roles and the controlling interests in NECC, owed the highest duty of care and vigilant supervision to the Plaintiff as a user of NECC's medication, yet they still acted willfully and knowingly, or with negligence, by permitting the violation of certain laws, regulations and procedures required and mandated by the Commonwealth of Massachusetts and the United States. Knowing that the aforesaid laws, regulations and procedures were not being followed as required, they permitted the distribution of their contaminated steroid medication, resulting in the serious damage to the Plaintiff described herein.

50.     Indeed, upon information and belief, the individual Defendants were well aware of the risk, danger and extreme harm that could result from their compounding and manufacture of the steroids. Further, upon information and belief, they were aware that NECC was licensed to fill only individual patients' prescriptions, and that NECC may have been operating beyond its legal boundaries by compounding, manufacturing and shipping products for broad use around the

9

country. Nonetheless, they obtained limited insurance coverage that may be inadequate to cover the damages caused by them. Their egregious and harmful behavior permits the piercing of the corporate veil to hold one or all of the named individual Defendants personally liable so that the Plaintiff may be justly compensated.

51.     The Plaintiff demands judgment against the Defendants on Count VI of the within Complaint, in the amount that will justly compensate him for his damages and future losses, together with interest, costs and his attorneys' fees incurred in this action, all within the jurisdictional limits of this Court.

## REQUEST FOR ATTACHMENT OF ASSETS OF DEFENDANT NECC AND INDIVIDUAL DEFENDANTS GREG CONIGLIARO, BARRY CADDEN & LISA CADDEN

52.     Plaintiff John Doe restates and reincorporates by reference each and every allegation stated in paragraphs 1-51 above.

53.     The infection of the Plaintiff with meningitis due to the fault of the Defendants has left him seriously harmed, as set forth above.

54.     Upon information and belief, there is not enough insurance coverage to compensate the Plaintiff for the damages caused by the Defendants' wrongful acts, and therefore the assets of the Defendants must be attached to assure that the Plaintiff is adequately compensated for his damages.

55.     The Plaintiff asks that the Court issue an Order of Pre-Judgment Attachment on all real estate, goods, chattels and other property owned by the Defendants.

10

## JURY TRIAL

56.    PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS IN THIS

ACTION.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A.    Issue the Orders necessary for Plaintiff to effect service upon the Defendants;
B.    Schedule a hearing on the Plaintiff's Request for an Attachment;
C.    Schedule a hearing on this matter;
D.    Award the Plaintiff just compensation for all the damages the Defendants have
      caused him, including interest, costs, and attorneys' fees incurred by the Plaintiff in
      this matter; and
E.    Grant such other and further relief as is just and proper.

Respectfully submitted,

John Doe, Plaintiff
By His Attorneys
McGrath Law Firm, P.A.
20 Montgomery Street
Concord, NH 03301
Phone: (603) 224-7111
Fax: (603) 228-8095

Dated: October 15, 2012

By: _____
Linda Aldon, Esq.
BBO No. 560292

_____
Peter G. McGrath, Esq.

11

*3*

THE COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

MIDDLESEX, SS

FILED
IN THE OFFICE OF THE SUPERIOR COURT
CLERK OF COURTS
**************************************FOR THE COUNTY OF MIDDLESEX

JOHN DOE                                       OCT 1 5 2012                    12-1085

                    Plaintiff
                                                        CLERK

V.                                                      Civil Action No.:
                                                   *2012, October 15
NEW ENGLAND COMPOUNDING                            * The within motion set down
PHARMACY, INC., D/B/A NEW ENGLAND                  * for hearing on 11-2-12 at
COMPOUNDING CENTER                                 * 2:00 P.M
and                                                *
GREG CONIGLIARO                                    *            Attest: Leona Kusmick
BARRY CADDEN                                       *                   Assistant Clerk
and                                                *
LISA CADDEN                                        *
                    Defendants                     * (Rep. )
*****************************************************

## MOTION FOR APPROVAL OF ATTACHMENT

NOW COMES the Plaintiff, John Doe, by and through counsel, McGrath Law Firm, PA,

and in accordance with Massachusetts Civil Procedure Rule 4.1 hereby files this Motion for

Approval of Attachment.

In support thereof, we provide as follows:

1.      Plaintiff John Doe is a resident of New Hampshire and is 45 years old.

2.      Defendant NEW ENGLAND COMPOUNDING PHARMACY, INC. D/B/A

NEW ENGLAND COMPOUNDING CENTER is a corporation located at 697 Waverly Street,

Framingham, MA 01712, and is duly organized in accordance with the laws of the

Commonwealth of Massachusetts, (hereinafter also referred to as the "NECC").

1

3.   Defendant GREG CONIGLIARO is a Director, the Secretary Treasurer, the Vice President and a principal shareholder of NECC, is duly listed as the registered Agent for NECC at 697 Waverly St., Framingham, Massachusetts, and is a resident of Massachusetts.

4.   Defendant BARRY CADDEN is the President, a Director and a principal shareholder of NECC, and currently resides in Wrentham, Massachusetts.

5.   Defendant LISA CADDEN is a Director and Pharmacist of NECC and currently resides in Wrentham, Massachusetts.

6.   There is a reasonable likelihood that the plaintiff will recover a judgment in the amount equal to or greater than the amount of the attachment over and above any liability insurance reasonably believed to be available in that as explained in the accompanying complaint, the Defendants are responsible for the compounding and manufacturing of the medication and distribution of the medicine, and the steroid has been found to be contaminated and is likely the cause of the infection suffered by the Plaintiff.

WHEREFORE the Plaintiff respectfully requests this Honorable Court:

A.   Schedule a hearing on the request for attachment, and, in the amount of $4 million dollars

B.   Grant such other relief as is just and proper.

2

Respectfully submitted,

John Doe, Plaintiff
By His Attorneys
McGrath Law Firm, P.A.
20 Montgomery Street
Concord, NH 03301
Phone: (603) 224-7111
Fax: (603) 228-8095

Dated: October 15, 2012                    By: _____
                                                Linda Aldon, Esq.
                                                BBO No. 560292

                                                _____
                                                Peter G. McGrath, Esq.

3

THE COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

MIDDLESEX, SS                                                    SUPERIOR COURT

*********************************************
JOHN DOE                                    *
                                            *
                    Plaintiff               *
                                            *
V.                                          *              Civil Action No.:
                                            *
NEW ENGLAND COMPOUNDING                     *              12-4085
PHARMACY, INC., D/B/A NEW ENGLAND           *
COMPOUNDING CENTER                          *
and                                         *
GREG CONIGLIARO                             *
BARRY CADDEN                                *
and                                         *
LISA CADDEN                                 *          OCT 18 2012
                    Defendants              *
*********************************************

## AFFIDAVIT IN SUPPORT OF MOTION FOR APPROVAL OF ATTACHMENT

NOW COMES Attorney Peter G. McGrath and being duly sworn states as follows:

1.    I am a licensed attorney in the State of New Hampshire.

2.    I have conducted a preliminary investigation in regard to the John Doe v. NECC,

et al. case.

3.    I am familiar with similar cases.

4.    I am familiar with similarly situated Defendants.

5.    It is my experience that a Defendant such as this likely does not have adequate

insurance coverage to cover the potential damages.

6.    Upon information and belief, the insurance coverage in this case will be limited.

1

7.     Upon information and belief the potential verdict in this case will exceed several

million dollars.

8.     Accordingly we would ask that an attachment be granted against the Defendants.

9.     In the interest of justice, should the Plaintiff obtain a verdict, the Plaintiff should

be entitled to an attachment to protect his interests.

Further affiant sayeth not.

Dated: $10|15|12$

_____
Peter G. McGrath

STATE OF NEW HAMPSHIRE
COUNTY OF MERRIMACK

On the 15th day of October, 2012, before me personally appeared the above-named Peter G.
McGrath, known to me or adequately identified, and gave oath that the foregoing statements by
him subscribed are true to the best of his knowledge and belief.

_____
Notary Public/Justice of the Peace
My Commission Expires: _____

DARLENE D. REID
Notary Public - New Hampshire
My Commission Expires March 24, 2015

2